NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Stacey MACDONALD and Michael MACDONALD,

    Plaintiffs,

v.

TOWNSHIP OF WALL POLICE DEPARTMENT; Patrolman F.A. KUHN; and BOROUGH OF SEA GIRT POLICE DEPARTMENT,

    Defendants.

Civ. No. 11-1598

OPINION & ORDER

THOMPSON, U.S.D.J.

## I.  INTRODUCTION

This matter comes before the Court upon Plaintiffs Stacey and Michael MacDonald's Motion to Remand this action to the Superior Court of New Jersey [docket # 3]. Defendants Township of Wall Police Department and Patrolman Kuhn have submitted a brief in opposition, which Defendant Borough of Sea Girt Police Department has joined. The Court has decided the matter after considering the parties' written submissions and without holding oral argument, pursuant to Fed. R. Civ. P. 78(b). For the reasons given below, the Motion to Remand is granted.

The issue raised by this motion is whether the Defendants' notice of removal was filed within thirty days of service, as required by 28 U.S.C. § 1446(b). Defendants concede that the notice was filed more than thirty days after they were served, but they argue that the service was improper and, therefore, the thirty-day clock had not begun. Contrary to the Defendants' argument, we find that the Defendants were properly served under New Jersey court rules, and

1

therefore, the deadline to remove passed before they filed their notice. Accordingly, we must remand the action.

## II. BACKGROUND

Plaintiffs filed their complaint in New Jersey state court on January 27, 2011. (Opp'n Br. 1) [5]. A copy of the summons and complaint were sent to the Defendants by certified mail, and the Defendants received this service on February 9 and February 14, 2011. (*Id.*) More than thirty days later, on March 22, 2011, the Defendants filed a notice of removal in this court. (*Id.*) Plaintiffs moved to remand on March 30, 2011. (Mot. to Remand 1) [3].

## III. ANALYSIS

When a plaintiff moves to remand an action, the defendant bears the burden of proving that removal was proper. *Granovsky v. Pfizer, Inc.*, 631 F. Supp. 2d 554, 558–59 (D.N.J. 2009). Removal is improper, and a district court can thus grant a remand, only if the court lacks subject matter jurisdiction or the removal was procedurally defective. 28 U.S.C. § 1447(c); *PAS v. Travelers Ins. Co.*, 7 F.3d 349, 352 (3d Cir. 1993). Procedurally, the removal statute requires that the notice of removal "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(b). Despite the implications of the language, "service or otherwise," the Supreme Court in *Murphy Brothers, Inc. v. Michetti Pipe Stringing* ruled that the thirty-day deadline is triggered not by "mere receipt of the complaint" but only by "formal service" of the summons and complaint. 526 U.S. 344, 348 (1999). Defendants in this case contend that their receipt of the summons and complaint by certified mail was improper under New Jersey court rules and thus did not constitute the "formal service" that would trigger the thirty-day deadline to remove.

New Jersey Rule 4:4-4(a) sets forth the "primary method" of serving a defendant: personal service on the defendant within the state. N.J. Ct. R. 4:4-4(a). Plaintiffs concede that

2

they never attempted to personally serve the Defendants.  However, Plaintiffs argue that service was proper under Rule 4:4-4(c), which provides for "Optional Mailed Service" "in lieu of personal service."  N.J. Ct. R. 4:4-4(c).  Under that Rule, service "may be made by registered, certified or ordinary mail."  *Id.*  But the mailed "service shall be effective for obtaining in personam jurisdiction only if the defendant answers the complaint or otherwise appears in response thereto . . . within 60 days following mailed service."  *Id.*  The Defendants argue that, because they did not answer the complaint in state court or otherwise appear in state court within sixty days, the mailed service never became effective.  (Opp'n Br. 6.)  They did, however, file the notice of removal in this court and presumably also filed the notice of removal in state court as required by 28 U.S.C. § 1446(b).  So, at bottom, the Defendants' argument must be that the filing of a notice of removal does not constitute an answer or an appearance for purposes of Rule 4:4-4(c).  But they have not cited to any cases to support this proposition, and we are inclined, therefore, to remand on the grounds that the Defendants have not carried their burden of proving that removal was proper.

   We need not decide, however, whether the filing of a notice of removal constitutes an appearance.  Rather, we agree with the holding in another case from this district that service of the summons and complaint triggers the thirty-day removal clock even if that service does not become effective to establish in personam jurisdiction in state court until the defendant makes an appearance.  *See Granovsky v. Pfizer, Inc.*, 631 F. Supp. 2d 554, 562 (D.N.J. 2009).  The *Granovsky* court stated:

> [W]hat is required to begin the 30 day removal countdown is the simultaneous receipt of the summons and complaint by a defendant. . . .  The Supreme Court in *Murphy Brothers* did not disturb this conclusion. It simply clarified that the "initial pleading" should contain the summons and the complaint as required by the relevant state law to qualify as "formal" process. Applying this requirement to R. 4:4-4(c), this Court finds that while service may not have been jurisdictionally "effective" in state court upon [defendant]

> until its . . . notice of appearance, the receipt of the complaint and summons . . . established "formal" service required by *Murphy Brothers*.

*Id.* In a similar case, a court in the District of Massachusetts took the same view of the relationship between Rule 4:4-4(c) and the removal statute. *See In re Pharm. Indus. Average Wholesale Price Litig.*, 431 F. Supp. 2d 109, 121 (D. Mass. 2006). In considering the requirement that all defendants consent to removal, that court found that "[w]hile service may not be 'effective' under New Jersey law for purposes of obtaining in personam jurisdiction over a party for procuring entry of a default until an answer or appearance, that provision does not govern when service is 'effective' for purposes of triggering the consent requirement of the rule of unanimity." *Id.* at 121. The conclusion of these two district courts finds support in Rule 4:4-4(c)'s "prohibition against entry of default" "against a defendant who fails to answer or appear in response thereto." N.J. Ct. r. 4:4-4(c). At its core, Rule 4:4-4(c) appears designed to ensure that, before judgment is entered against a defendant, the defendant actually has notice of the suit and the opportunity to defend against it. *See Signs by Tomorrow-USA, Inc. v. G.W. Engel Co.*, Civ. No. 05-4353, 2006 WL 2224416, at *4–5 (D.N.J. Aug. 1, 2006) (refusing to enter default judgment against a party that was served by mail but never appeared or responded). Mail service, then, is an acceptable alternative to personal service, provided that the court can satisfy itself that the mail was received. An appearance or other response provides that satisfaction.

      In this case, by contrast, there is no concern that the mailed service was never received. And thus the Defendants should not benefit from a rule designed for that situation. Here, the Defendants were on notice of the lawsuit when, as described in *Murphy Brothers*, they were served with a copy of the summons and the complaint. Nothing about that service was defective—that is, nothing prevented the Defendants from knowing about the lawsuit or otherwise prejudiced their defense. Consequently, we find that the service by mail on February

9 and 14 satisfied *Murphy Brothers*' requirement of "formal service" and thereby triggered the thirty-day clock for removal.  Defendants' notice of removal filed on March 22 was therefore out of time, and we will remand the suit to the New Jersey state court where it was originally filed.

## IV. CONCLUSION

For the reasons set forth above, IT IS on this 3rd day of May, 2011,

ORDERED that the Plaintiffs' Motion to Remand [docket # 3] is GRANTED; and it is

ORDERED that this action shall be remanded to the Superior Court, State of New Jersey, Law Division, Monmouth County.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.